UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZENA McDONALD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　Defendant. | Case No. CV 14-4291 JC<br><br>MEMORANDUM OPINION |

**I.　SUMMARY**

　　On June 6, 2014, plaintiff Zena McDonald ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have consented to proceed before the undersigned United States Magistrate Judge.

　　This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion"). The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; June 11, 2014 Case Management Order ¶ 5.

///

///

Based on the record as a whole and the applicable law, the decision of the Commissioner is AFFIRMED.  The findings of the Administrative Law Judge ("ALJ") are supported by substantial evidence and are free from material error.[1]

## II.   BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On August 16 and 31, 2010, plaintiff filed applications for, respectively, Supplemental Security Income and Disability Insurance Benefits.  (Administrative Record ("AR") 23, 145, 153).  Plaintiff asserted that she became disabled on January 1, 1985, due to bipolar disorder, social issues, memory loss, split personality, bullet in her stomach, inability to "walk long," and pain that kept her awake.  (AR 162).  The ALJ examined the medical record and heard testimony from plaintiff (who was represented by counsel) and a vocational expert on August 21, 2012.  (AR 39-59).

On August 29, 2012, the ALJ determined that plaintiff was not disabled through the date of the decision.  (AR 23-33).  Specifically, the ALJ found: (1) plaintiff suffered from the following severe combination of impairments:  drug and alcohol abuse; mood disorder, not otherwise specified; possible bipolar disorder; psychotic disorder, not otherwise specified; possible schizoaffective disorder induced by polysubstance abuse; and degenerative disc disease of the lumbar, cervical, and thoracic spines with a bullet located at the left L2 area (AR 25); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal a listed impairment (AR 26); (3) plaintiff retained the residual functional capacity to perform medium work (20 C.F.R. §§ 404.1567(c),

///
///
///

---

[1] The harmless error rule applies to the review of administrative decisions regarding disability.  See Molina v. Astrue, 674 F.3d 1104, 1115-22 (9th Cir. 2012) (citations omitted).

416.967(c)) with additional limitations[2] (AR 26); (4) plaintiff had no past relevant work (AR 32); (5) there are jobs that exist in significant numbers in the national economy that plaintiff could perform, specifically hand packager, machine feeder, and night cleaner (AR 32-33); and (6) plaintiff's allegations regarding her limitations were not credible to the extent they were inconsistent with the ALJ's residual functional capacity assessment (AR 27).

The Appeals Council denied plaintiff's application for review. (AR 1).

### III. APPLICABLE LEGAL STANDARDS

To qualify for disability benefits, a claimant must show that the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted). The impairment must render the claimant incapable of performing the work the claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

A court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error. 42 U.S.C. § 405(g); Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401

---

[2]The ALJ determined that plaintiff: (i) was limited to simple repetitive tasks; (ii) could have no interaction with the public, but occasional interaction with coworkers and supervisors; and (iii) could not drive for work or work around hazardous heights or dangerous machinery. (AR 26).

(1971) (citations and quotations omitted). It is more than a mere scintilla, but less than a preponderance. Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ. Robbins, 466 F.3d at 882 (citation omitted).

## IV. DISCUSSION

Plaintiff contends that a reversal or remand is warranted because the ALJ failed properly to consider the opinions of one of plaintiff's examining physicians. (Plaintiff's Motion at 4-7). The Court disagrees.

### A. Pertinent Facts

In the report of a December 18, 2010 Complete Internal Medicine Evaluation of plaintiff ("December Report"), Dr. Jeffrey Chen, a consultative examining physician, opined, in part, that plaintiff had the same residual functional capacity as the ALJ assessed, except plaintiff would also "require the use of a cane" due to an "unsteady gait" ("Dr. Chen's Opinion"). (AR 26, 341).

More specifically, the December Report reflects that plaintiff reported to Dr. Chen that she was "unable to move her left leg" due to nonspecific, "entire leg pain" that was "worse with movement," that she "[had] difficulty walking" and could walk "only for approximately 10 or 15 minutes" due to "low back pain," and that she needed to "use a cane" because her leg would "give[] out" and she would fall. (AR 336, 340-41). Dr. Chen noted that plaintiff was unable to describe the location of her leg pain or the nature of her related symptoms. (AR 336). Dr. Chen also observed that during the physical examination plaintiff had been able to

1 "get[] into and out of the chair and the exam table without difficulty." (AR 32, 336, 337).

   Dr. Chen noted that on physical examination plaintiff's overall extremities showed "[n]o cyanosis, clubbing, or edema[,] . . . no evidence of varicosities or stasis dermatitis[,] . . . [and] no varicose veins." (AR 339). In addition, plaintiff's hips showed "no evidence of trochanteric bursal tenderness or joint deformities," intact range of motion, and "flexion, extension, abduction, adduction, external and internal rotation within normal limits." (AR 339). Plaintiff's knees had "no crepitus or clicking sounds[,] . . . no swelling, effusion or joint deformities[,]" and intact "[r]ange of motion . . . with flexion and extension within normal limits." (AR 339). Plaintiff's ankles had "no joint deformities . . . no swelling[,] . . . no evidence of effusion or erythema[,] [and] [r]ange of motion in tact with dorsiflexion and plantar flexion within normal limits." (AR 340). Overall, plaintiff had "normal muscle[] tone bilaterally in . . . [her] lower extremities," and full strength in "all extremities." (AR 340). In addition, although plaintiff "refused" to let Dr. Chen examine her left leg, Dr. Chen was still able to determine that plaintiff's "bilateral lower extremities" had intact "pedal pulses" and "normal muscle bulk." (AR 336, 341).

   **B.   Pertinent Law**

   In Social Security cases, courts give varying degrees of deference to medical opinions depending on the type of physician who provided them, namely "treating physicians," "examining physicians," and "nonexamining physicians." <u>Garrison v. Colvin</u>, 759 F.3d 995, 1012 (9th Cir. 2014) (citation and quotation marks omitted). A treating physician's opinion is generally given the most weight, and may be "controlling" if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record[.]" <u>Orn v. Astrue</u>, 495 F.3d 625, 631 (9th Cir. 2007) (citations and quotation marks omitted). An examining,

but non-treating physician's opinion is entitled to less weight than a treating physician's, but more weight than a nonexamining physician's opinion. See id. (citation omitted).

A treating physician's opinion is not necessarily conclusive, however, as to a claimant's medical condition or disability. Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). An ALJ may reject a treating physician's uncontroverted opinion by providing "clear and convincing reasons supported by substantial evidence in the record." Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998) (citation omitted). Where a treating physician's opinion conflicts with another doctor's opinion, an ALJ may reject the treating opinion "by providing specific and legitimate reasons that are supported by substantial evidence." Garrison, 759 F.3d at 1012 (citation and footnote omitted). The same standards also apply to the opinions of examining physicians. See Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1995) (citations omitted).

An ALJ may provide "substantial evidence" for rejecting a medical opinion by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his [or her] interpretation thereof, and making findings." Garrison, 759 F.3d at 1012 (quoting Reddick, 157 F.3d at 725) (quotation marks omitted); Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002) (same) (citations omitted). An ALJ "must do more than offer [] conclusions." Embrey v. Bowen, 849 F.2d 418, 421 (9th Cir. 1988); McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989) ("broad and vague" reasons for rejecting treating physician's opinion insufficient) (citation omitted). "[The ALJ] must set forth his [or her] own interpretations and explain why they, rather than the [physician's], are correct." Embrey, 849 F.2d at 421-22.

**C.   Analysis**

Here, although the ALJ gave "great[] weight" to Dr. Chen's overall findings (AR 30, 31-32), in light of the ALJ's extensive discussion and analysis of the

record medical evidence as a whole – including, among other things, the December Report (discussed in detail above) and the medical opinions of two other consultative examining physicians – it is reasonable to infer that the ALJ properly rejected Dr. Chen's Opinion, in part, because plaintiff's asserted need to use a cane was not supported by and/or inconsistent with Dr. Chen's findings in the December Report.  See Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005) (discrepancy between doctor's notes and recorded observations and doctor's opinions regarding claimant's capabilities "clear and convincing reason" for rejecting doctor's opinion regarding claimant's significant functional limitations); Connett v. Barnhart, 340 F.3d 871, 875 (9th Cir. 2003) (ALJ properly rejected medical opinions that were "not supported by [the physician's] own treatment notes" and were "inconsisten[t] with all other evaluations"); Thomas, 278 F.3d at 957 (ALJ need not accept medical opinion that is "brief, conclusory, and inadequately supported by clinical findings"); see also Magallanes, 881 F.2d at 751, 755 (ALJ need not recite "magic words" to reject a treating physician opinion – court may draw specific and legitimate inferences from ALJ's opinion).  For example, as the ALJ noted, the objective findings from Dr. Chen's physical examination of plaintiff were generally unremarkable.  (AR 32, 336-40). Specifically, Dr. Chen found that plaintiff had "normal muscle[] tone bilaterally in . . . [her] lower extremities" and full strength in "all extremities," and that plaintiff's "bilateral lower extremities" had intact "pedal pulses" and "normal muscle bulk."  (AR 336, 340-41).  Moreover, while plaintiff complained about significant leg pain and related limitations, Dr. Chen described plaintiff's reports of pain as "nonspecific," noted that plaintiff had been unable to describe the location of her pain or the nature of her symptoms, and, more significantly, noted that during the examination plaintiff was able to get in and out of a chair and on/off of an exam table *"without difficulty."*  (AR 32, 336, 337) (emphasis added). To the extent plaintiff suggests that the medical evidence reflects functional

limitations related to the need to use a cane that were not already accounted for in the ALJ's residual functional capacity assessment for plaintiff (Plaintiff's Motion at 6), the Court will not second guess the ALJ's reasonable interpretation otherwise, even if the medical evidence could give rise to inferences more favorable to plaintiff. See Robbins, 466 F.3d at 882 (citation omitted).

It is also reasonable to infer that the ALJ properly rejected Dr. Chen's Opinion, in part, because it was based largely on plaintiff's subjective complaints which the ALJ found "not credible." See, e.g., Ghanim v. Colvin, 763 F.3d 1154, 1162 (9th Cir. 2014) (ALJ may discount medical opinion based "to a large extent" on a claimant's "self-reports" that the ALJ found "not credible") (internal quotation marks and citations omitted). For example, Dr. Chen found that plaintiff's need to use a cane was "secondary" to plaintiff's *subjective* complaint that her leg "gives out." (AR 336, 341). Dr. Chen also found that plaintiff needed a cane because of her "unsteady gait" – a symptom that was easily exaggerated by plaintiff and, at least in part, belied by Dr. Chen's observation that plaintiff was still able to get in and out of a chair and on/off of the exam table "without difficulty." (AR 32, 336, 337, 341). Moreover, as the ALJ discussed in a comprehensive and clear credibility evaluation (which plaintiff has not challenged), the record documents numerous occasions when plaintiff exaggerated her symptoms in an attempt to manipulate the results of several consultative examinations. (AR 27-30) (citing AR 325-27, 330 ["[N]one of [plaintiff's] interview appeared to be credible."]; AR 431 ["It appeared [plaintiff] was attempting to claim to be psychotic," "None of [plaintiff's claims] was credible"]; AR 512 ["evidence of exaggeration or manipulation" during consultative mental status examination]; AR 515 ["I believe that [plaintiff] is, again, exaggerating her symptoms in order to gain Social Security [benefits]."]). In fact, in connection with Dr. Chen's "complete" medical evaluation here, plaintiff "refused examination of her left leg secondary to [her subjective] pain." (AR 336).

Accordingly, plaintiff is not entitled to a remand or reversal on the asserted basis.

**V. CONCLUSION**

For the foregoing reasons, the decision of the Commissioner of Social Security is affirmed.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: February 27, 2015

_____/s/_____
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE